**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

UNITED STATES OF AMERICA

v.                                                                          Case No.: 8:19-cr-233-WFJ-SPF

JUAN CARLOS ARIAS CASTILLO
_____/

**ORDER**

Citing Amendment 821 to the United States Sentencing Guidelines, Juan Carlos Arias Castillo, USM#: 72187-018, moves, *pro se*, (Dkts. 129, 132) for a reduction in sentence. Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what circumstances and by what amount the sentences of prisoners serving terms of

imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On December 8, 2020, Juan Carlos Arias Castillo was sentenced under 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(viii) and (b)(1)(C) [Count One—conspiracy to distribute and possession with intent to distribute 50 grams or more of methamphetamine and a mixture containing a detectable amount of heroin]; 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii) and (b)(1)(C) and 18 U.S.C. § 2 [Count Two—possession with intent to distribute and to distribute the afore-mentioned drugs]; and 18 U.S.C. § 924(c)(1)(1)(A)(i) [Count Three—possession of a firearm in furtherance of a drug trafficking crime] to 25 years. The 25 years consisted of two concurrent 20-year prison terms on Counts One and Two, followed by a consecutive 5-year prison term on Count Three. Mr. Arias Castillo's total offense

level was 43. He was assessed no criminal history points, and his criminal history was category I.

Mr. Arias Castillo's advisory sentencing range was life imprisonment. Mr. Arias Castillo received a significant downward variance of 25 years in prison. The Bureau of Prisons reports that he is eligible for release as of October 3, 2040.

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821.  USPO submits a memorandum reporting that under 18 U.S.C. § 3582(c)(2) and the policy statement in USSG §1B1.10(b)(2)(A), a retroactive application of Amendment 821 is not permitted because Mr. Arias Castillo does not meet the criteria set forth in U.S.S.G. § 4C1.1. Specifically, He possessed, received, purchased, transported, transferred, sold, or disposed of firearms in connection with the offense. *See* § 4C1.1(a)(7).  Second, there was an adjustment under § 3B1.1 (aggravating role) and he engaged in continuing criminal enterprise as defined in 21 U.S.C. § 848. *See* § 4C1.1(a)(10).

The appointed Federal Defendant filed a notice of satisfying its requirements under the Amendment 821 Omnibus Order.  Dkt. 136.  The Federal Defender

3

agrees with the USPO's assessment and will not be filing a motion for sentence reduction on behalf of Defendant Arias Castillo because he "is disqualified under U.S.S.G. § 4C1.1(a)(10), in that he received an adjustment under U.S.S.G. § 3B1.1 and engaged in a continuing criminal enterprise as defined in 21 U.S.C. § 848 [and] also disqualified under U.S.S.G. § 4C1.1(a)(7), in that he possessed or disposed of a firearm or dangerous weapon in connection with his offense." *Id.*

Mr. Arias Castillo, a 43-year-old Mexican national, and his co-defendant held two stash houses, which contained methamphetamine, heroin, and cocaine, as well as guns. The firearms and ammunition were possessed in furtherance of drug trafficking to protect the drugs and money in the stash houses from robbery. The converted drug weight in this case exceeded 500,000 kilograms, well above the threshold for the base offense level of more than 90,000 kilograms.

Even if Defendant were eligible and considering the sentencing factors in 18 U.S.C. § 3553(a), the Court would not reduce the 25-year sentence. Mr. Arias Castillo was an organizer of drug trafficking which involved buying drugs from Mexico, employing drug couriers, and profiting from resale of the drugs to lower level dealers. To reduce this sentence further would not properly "reflect the seriousness of the offense" or "promote respect for the law." *See id.* at (a)(2)(A). The sentences courts impose (and the sentences courts reduce) have an effect upon

deterrence (see *id.* at (a)(2)(B)) and deterrence would be impaired by this proposed reduction.

Mr. Juan Carlos Arias Castillo's *pro se* motions (Dkt. 129, 132) for a reduction in sentence are **DENIED**.

**DONE AND ORDERED** at Tampa, Florida on February 20, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE